C. & R. CONSTRUCTION COMPANY vs. COMMONWEALTH.

Suffolk.   May 14, 1956. — May 31, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Interest.   Commonwealth*, Proceeding against Commonwealth.   *Practice, Civil*, Interest, Proceeding against Commonwealth.

In a finding for the petitioner in a proceeding by a contractor against the Commonwealth under G. L. (Ter. Ed.) c. 258 upon a claim for construction work performed, the judge properly included interest to the date of the finding.

PETITION, filed in the Superior Court on October 20, 1947.

The case was heard by *Hurley*, J., who found for the petitioner on August 5, 1955.

*John V. Phelan*, Assistant Attorney General, (*George Michaels*, Assistant Attorney General, with him,) for the Commonwealth.

*John A. Daly*, for the petitioner.

WILKINS, J.   This petition filed on October 20, 1947, under G. L. (Ter. Ed.) c. 258, is in substance an action of contract.   *Cambridge* v. *West Springfield*, 303 Mass. 63, 66. The petitioner seeks to establish a claim for additional compensation for work in the construction of Logan International Airport in East Boston.   The claim was made under a contract entered into on behalf of the Commonwealth by the department of public works.   It was in effect in two counts: (1) for a balance of $1,347.05 admittedly due; and (2) for $11,218.05 for work performed.   The petitioner claims interest from January 13, 1947.   After hearing, the trial judge found for the petitioner in the amount of $18,973.30, being the total of $1,347.05 and $11,218.05, with interest to August 5, 1955, in the sum of $6,408.20.   The Commonwealth alleges an exception to the inclusion of interest.

The Commonwealth can be impleaded in its own courts only to the precise extent and in the exact manner per-

mitted by statute. *Putnam Furniture Building, Inc.* v. *Commonwealth*, 323 Mass. 179, 185, and cases cited. The petitioner contends that it is entitled to interest under G. L. (Ter. Ed.) c. 258, § 1, which reads: "The superior court, except as otherwise expressly provided, shall have jurisdiction of all claims at law or in equity against the commonwealth. Such claims may be enforced by petition stating clearly and concisely the nature of the claim and the damages demanded . . . ." Accordingly, it is argued that the Commonwealth is bound to pay interest on valid claims against it if, in similar circumstances, interest would be charged against a private person. Here, interest would be payable by way of damages for failure to pay even though the contract does not contain an express provision for its payment. *Donahue* v. *Partridge*, 160 Mass. 336, 339. See *Sayles* v. *Commissioner of Corporations & Taxation*, 286 Mass. 102, 105; *Winchell* v. *Plywood Corp.* 324 Mass. 171, 181; *Rugo* v. *Rugo*, 325 Mass. 612, 620–621.

We have been referred to three cases where interest has been awarded against the Commonwealth in circumstances resembling these now presented. *Selectmen of Danvers* v. *Commonwealth*, 184 Mass. 502, 515. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 504. *Franklin A. Snow Co.* v. *Commonwealth*, 303 Mass. 511, 518. In the *Danvers* case the point was directly adjudicated. In the other two it was not discussed. We cannot accede to the Commonwealth's contention that these cases be overruled. Not only are we unwilling to say that these decisions were a series of inadvertences, but we are supported in our position by G. L. (Ter. Ed.) c. 258, § 4A, inserted by St. 1945, c. 552, which provides: "In any action [*sic*] brought against the commonwealth under any provision of this chapter wherein the commonwealth makes an offer of judgment in accordance with the provisions of section seventy-four of chapter two hundred and thirty-one, if the plaintiff [*sic*] does not elect to accept such offer and does not recover as damages an amount, excluding interest from the date of the offer, larger than the amount so offered, the plaintiff [*sic*] shall have

judgment only for the amount actually recovered without interest thereon from the date of the offer . . . ." We likewise are unable to say that this statute was an inadvertence and wholly supererogatory. It will also be noted that "an offer of judgment" was made by the Commonwealth in the *Hosmer* case, the offer including interest (page 497).

The case of *General Electric Co.* v. *Commonwealth*, 329 Mass. 661, holds that a petitioner for the assessment of damages for a taking by eminent domain is not entitled to interest on a judgment in his favor from its date to the time of its payment. The statutes involved were G. L. (Ter. Ed.) c. 79, §§ 22, 37, and c. 258, § 3, as appearing in St. 1932, c. 180, § 41. That case is not an authority that interest is not payable as part of a claim to be enforced by petition under G. L. (Ter. Ed.) c. 258, § 1.

*Exceptions overruled.*