RALPH C. WOODWORTH, individually and as administrator, & another *vs.* COMMONWEALTH.

Suffolk.   October 4, 1967. — November 2, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Interest. Eminent Domain*, Interest. *Constitutional Law*, Eminent domain, Due process of law. *Commonwealth*, Proceeding against Commonwealth. *Practice, Civil*, Interest, Proceeding against Commonwealth, Eminent domain proceeding.

A landowner who recovered judgment in 1963 against the Commonwealth in a proceeding for assessment of damages for a taking by eminent domain was entitled to interest on the judgment from its date to the time of its payment by virtue of art. 10 of the Declaration of Rights of the Constitution of Massachusetts and of the Fifth Amendment of the Constitution of the United States.

PETITION filed in the Superior Court on March 30, 1964.

The case was heard by *Chmielinski*, J.

The case was submitted on briefs.

*Floyd H. Gilbert* for the petitioners.

*Elliot L. Richardson*, Attorney General, *Richard A. Hunt & Harold Putnam*, Assistant Attorneys General, for the Commonwealth.

WILKINS, C.J. This petition under G. L. c. 258 is to recover interest on an award in eminent domain proceedings. The case was heard on agreed facts, and from a finding for the respondent the petitioners appealed. The finding was

in effect an order for judgment.  *National Cash Register Co.* v. *Warner,* 335 Mass. 736.

A petition was brought by Roy C. Woodworth and Edith F. Woodworth, husband and wife, as tenants by the entirety, for assessment of damages for the taking of land and buildings in Attleboro for highway purposes.  Entry by the Commonwealth was made on October 13, 1959.  The petition was returnable on the first Monday of October, 1960, and service was made on the Commonwealth on September 1, 1960.  Edith F. Woodworth died on February 15, 1962.  On July 18, 1963, there was a finding in the sum of $50,000 for Roy C. Woodworth, individually and as administrator of the estate of Edith F. Woodworth.  A certificate of judgment for the petitioners was sent to the Comptroller of the Commonwealth by the Superior Court, Bristol County, in the sum of $57,824.52, which included interest and costs to August 14, 1963, the date of judgment.  On October 19, 1963, Roy C. Woodworth died intestate, leaving two sons, Newton C. Woodworth and Ralph C. Woodworth, who are the present petitioners.  On December 10, 1963, the latter was appointed administrator of his father's estate.  His appeal is individually and as administrator.  The amount of the judgment was paid on March 19, 1964.

In 1953, in *General Elec. Co.* v. *Commonwealth,* 329 Mass. 661, it was held that in an eminent domain proceeding the Commonwealth could not be compelled to pay interest for the interval between the date of a judgment and the date of payment.  That decision was largely based on an interpretation of G. L. c. 79 (relating to eminent domain), §§ 22, 37, and G. L. c. 258 (relating to claims against the Commonwealth), § 3.  Subsequently there was enacted St. 1964, c. 548, entitled, "An Act providing for the payment of interest · on judgments against the Commonwealth and on settlements in eminent domain cases," which amended c. 79, §§ 22, 37, and added to c. 258 a new § 3A.  These amendments, so far as material, provide in substance that judgments against the Commonwealth under c. 79 should carry interest at six per cent from their date to the date of payment.

Statute 1964, c. 548, § 5, provides that that act take effect on January 1, 1965, and not apply to interest on judgments entered prior to that date. It, accordingly, does not apply to the case at bar.

The issues argued to us are whether the failure to award interest violates either art. 10 of the Declaration of Rights or the Fifth Amendment to the Constitution of the United States. *Chicago, Burlington & Quincy R.R.* v. *Chicago*, 166 U. S. 226, 239, 241. Compare *Malloy* v. *Hogan*, 378 U. S. 1, 4.

The material parts of these constitutional amendments are similar. Article 10: "[W]henever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor." The Fifth Amendment: "[N]or shall private property be taken for public use, without just compensation."

Just compensation we construe to mean full compensation. Admittedly, nothing was paid for the period subsequent to August 14, 1963. To this extent the award was not just. Concededly no case in this Commonwealth has so held. Indeed the *General Electric* case holds to the contrary, although no constitutional issue was there raised.

There are, nevertheless, cases both in this Commonwealth and in the Supreme Court of the United States which contain broad language supporting our position.

In *Parks* v. *Boston*, 15 Pick. 198, 208, the opinion of the court by Chief Justice Shaw contains language which has been often quoted. "[An eminent domain taking] is the purchase of a public easement, the consideration for which is settled by such appraisement only because the parties are unable to agree upon it. The true rule would be, as in the case of other purchases, that the price is due and ought to be paid, at the moment the purchase is made, when credit is not specially agreed on. And if a pie-powder court could be called on the instant and on the spot, the true rule of justice for the public would be, to pay the compensation with one hand, whilst they apply the axe with the other; and

this rule is departed from only because some time is necessary, by the forms of law, to conduct the inquiry; and *this delay must be compensated by interest*" (italics supplied).

In *Nichols* v. *Commissioner of Corps. & Taxn.* 314 Mass. 285, 300, in the opinion of the court, Field, C.J., stated: " . . . it has been recognized that the 'reasonable compensation' to which a landowner is entitled for land taken under the Constitution of the Commonwealth, Part I art. 10, ordinarily, and probably necessarily, includes compensation for delay in payment by way of interest or otherwise (see *Parks* v. *Boston*, 15 Pick. 198, 208; *Edmands* v. *Boston*, 108 Mass. 535, 550–551; *Old Colony Railroad* v. *Miller*, 125 Mass. 1, 3–4; *Munroe* v. *Woburn*, 220 Mass. 116, 121; *Seaboard Air Line Railway* v. *United States*, 261 U. S. 299, 306; *Jacobs* v. *United States*, 290 U. S. 13, 16–17), though, where there has been merely a formal taking not consummated by entry upon the land, the use of the land by the owner is deemed to be sufficient compensation to him for the delay in payment." See *Swampscott* v. *Remis*, 350 Mass. 523.

In *Jacobs* v. *United States*, 290 U. S. 13, 16–17, cited *supra* in the *Nichols* case, it was said, "The amount recoverable was just compensation, not inadequate compensation. The concept of just compensation is comprehensive and includes all elements, 'and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation.' The owner is not limited to the value of the property at the time of the taking; 'he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.' Interest at a proper rate 'is a good measure by which to ascertain the amount so to be added.' *Seaboard Air Line R. Co.* v. *United States*, 261 U. S. 299, 306. That suit was brought by the owner under § 10 of the Lever Act, which, in authorizing the President to requisition property for public use and to pay just compensation, said nothing as to interest. But the Court held that the right to just compensation could not be taken away by statute or be qualified by the omission of a provision for interest where such an allowance was

appropriate in order to make the compensation adequate. See, also, *United States* v. *Rogers,* 255 U. S. 163, 169." See *United States* v. *Miller,* 317 U. S. 369, 373.

It is likely that any further questions which arise will be governed by St. 1964, c. 548. But that is no reason to allow the Commonwealth to discharge this obligation by paying only a part of the interest.

The order for judgment is reversed, and in accordance with the agreed facts judgment is to be entered for the petitioners in the sum of $2,073.18 with interest and costs thereon to the date of that judgment.

*So ordered.*