MASSACHUSETTS GENERAL HOSPITAL *vs.* COMMISSIONER OF
PUBLIC WELFARE
(and six companion cases).

Suffolk. February 4, 1971. — April 17, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, & BRAUCHER, JJ.

*Public Welfare. Interest. Hospital.*

Delays ranging from about eleven months to over two years by a local board of public welfare in paying for care furnished by a hospital to recipients of public assistance under G. L. c. 118 or c. 118A, as in effect prior to July 1, 1968, after bills therefor were sent by the hospital to the board were unreasonable, and the hospital was entitled to interest on the principal sums due from the date when it filed administrative appeals to the State Department of Public Welfare to collect such sums.

SEVEN PETITIONS for review filed in the Superior Court on August 21, 1969, September 4, 1969, or September 11, 1969.

The cases were heard by *Bennett*, J.

*Gregor I. McGregor,* Assistant Attorney General, for the defendant.

*Stephen N. Hollman (Albert G. Tierney* with him) for the plaintiff.

CUTTER, J. The plaintiff (M.G.H.) furnished hospital care to each of seven recipients of public assistance either under G. L. c. 118 (Aid to Families with Dependent Children — AFDC) or G. L. c. 118A (Old Age Assistance — OAA) as these statutes were in effect prior to July 1, 1968. The details of each case are set out in an appendix to this opinion.[1] M.G.H. furnished hospital care to each recipient of assistance during a stated period in 1966 or 1967. In all but two of these cases, M.G.H. received from the Boston department of public welfare (the Boston department) written approval of furnishing the hospital care. In one case it received oral approval. In the seventh case, M.G.H. filed a written request for approval but received none. It is not now disputed that the patient was receiving public assistance at the time of the patient's hospitalization. Thereafter, in each instance but one, a bill was sent to the Boston department. Each bill remained unpaid in whole or in part for a substantial time. In the instance where no bill was sent, it is not now disputed that the principal amount claimed was due.

Thereafter, at various dates in October and November, 1968, M.G.H. filed administrative appeals with the State Department of Public Welfare (the State department). See G. L. c. 117, § 24A (as amended through St. 1964, c. 515; see later amendments through St. 1969, c. 885, § 16), and c. 118A, § 21 (inserted by St. 1960, c. 781, § 8; see repeal, upon the taking over of welfare programs by the Commonwealth, by St. 1967, c. 658, § 50, not applicable to then

---

[1]These cases have been presented to us in a disorderly record of seventy-five printed pages covering certain parts of the record in each of seven cases. The cases could have been placed before us, on the simple issue of law presented, by a case stated, thus avoiding unnecessary expense and confusion. It is the responsibility of counsel for the appellant to ensure that the clerk produces a conveniently arranged, legible record with consecutively numbered pages. The clerk of the full court has been directed to refuse to receive records not complying with our rules. See S.J.C. Rule 1:01 (351 Mass. 731, 732).

pending matters under c. 658, § 80). After hearing, in each instance, the State department directed that M.G.H. be paid the principal amount claimed by it but denied it any allowance for interest. In each case M.G.H. then filed a petition for review under G. L. c. 30A, § 14.

A Superior Court judge heard the matters together. There was, in each case, a stipulation of the parties, which the judge, in his findings, rulings, and order for a decree, described as follows: "that . . . [M.G.H.] claimed an appeal in writing to the [c]ommissioner for a principal payment sought by . . . [M.G.H.] . . . that the principal sum claimed by . . . [M.G.H.] was awarded following . . . hearing, but that the . . . [c]ommissioner declined to award interest upon the principal sum" due. The judge ordered in each case a decree affirming the award of the principal sum and further directed interest to be paid on that sum at the rate of six per cent per annum from the date of the filing of the administrative appeal with the State department. Final decrees to this effect were entered. The commissioner appealed.

1. M.G.H., in furnishing medical care and services, in effect was a vendor of services which the Boston department "purchased" under the statute. See *Springfield Hosp.* v. *Commissioner of Pub. Welfare,* 350 Mass. 704, 708; *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare,* 350 Mass. 712, 718, where we said that the applicable statutes "are to be reasonably interpreted to carry out the obvious . . . social purpose . . . [of] the several remedial programs." M.G.H. notified the Boston department, in each instance, that it was furnishing care to a person receiving public assistance and received in all but two instances written authorization to do so. In one instance the Boston department gave oral approval. In no instance is the Boston department's obligation to pay for the care in dispute.

In each but one of the present cases, there was undue delay by the Boston department in paying for the care, ranging from about eleven months to over two years after a bill

was sent to the Boston department. In the one case where no bill was sent, the Boston department did nothing about the notice that care was being given from August 9, 1967 (when M.G.H. gave the notice), to October 31, 1968, when M.G.H. took its administrative appeal to the State department. During this period, obviously, M.G.H. had to bear the burden of the expenditures it made during each hospitalization.

There is no indication in this record that any such financial burden, caused by the Boston department's gross failure to pay its bills on time, was taken into account in fixing M.G.H.'s "charge to the public for public ward accommodations" and its "all-inclusive per diem cost of care" for purposes of the so-called all-inclusive per diem rate under G. L. c. 7, § 30K (inserted by St. 1953, c. 636, § 2, as amended through St. 1963, c. 439, § 1; see, however, St. 1968, c. 492, § 3, not here applicable).

In these cases money was owed by the Boston department to M.G.H. either on an actual or implied contract, or a statutory liability, which gave rise to a contractual relationship when M.G.H. rendered services with the Boston department's knowledge or approval, or in circumstances which bound it to pay for them. There was in each instance a detention of money, beyond the reasonable time which the statutes requiring payment to M.G.H. fairly should be interpreted as contemplating. Eventually M.G.H. was forced to take an administrative appeal in order to collect the principal sum due. Such an unreasonable detention ordinarily gives rise to a liability for interest, at least from the date of the writ (or other initiating document), in an appropriate proceeding by the creditor to recover the indebtedness. In these instances, an appropriate proceeding to establish the indebtedness was the request by M.G.H. to the State department for administrative review. Even if M.G.H. had made no prior demand for payment, it was entitled, under general principles for the allowance of interest, to recover interest (G. L. c. 107, § 3), at least from the date of seeking that review, which constituted an

Massachusetts General Hospital *v.* Commissioner of Public Welfare.

unequivocal demand for payment of the amount owed.[2] *Vaughan* v. *Lemoine*, 330 Mass. 83, 87. *Davidson* v. *Robie*, 345 Mass. 333, 341. See *C. & R. Constr. Co.* v. *Commonwealth*, 334 Mass. 232, 233–234; *Johnson* v. *United States Steel Corp.* 348 Mass. 168, 171 (where it was said, "at common law interest has been allowed as damages for the wrongful detention of money," although in the particular case it was not allowable for a violation of a penal statute providing only criminal penalties). See also *Ratner* v. *Hill*, 270 Mass. 249, 253–254. The trial judge's allowance of interest was correct.

                                    *Final decrees affirmed.*

APPENDIX

| | [1] | [2] | [3] | [4] | [5] |
|---|---|---|---|---|---|
| NAME OF PATIENT | Dates of Hospital Care | Approval by Boston Dept. of Pub. Welfare | Bill Sent to Boston Dept. | Claim of Appeal to State Dept. | Denial of Interest by State Dept. |
| Case No. 1 | 1–20–67 to 2–3–67 | 1–24–67 | 4–6–67 | 11–7–68 | 7–22–69 |
| Case No. 2 | 8–13–67 to 8–19–67 | 9–5–67 | 10–18–67 | 11–12–68 | 7–22–69 |
| Case No. 3 | 7–19–66 to 8–17–66 | 7–21–66 8–25–66 | 11–1–66 | 11–12–68 | 7–22–69 |
| Case No. 4 | 8–6–67 to 8–19–67 | (Note A) | (Note A) | 10–31–68 | 7–10–69 |
| Case No. 5 | 9–21–66 to 10–14–66 | 10–31–66 | 1–16–67 | 10–31–68 | 8–14–69 |
| Case No. 6 | 8–11–66 to 9–2–66 | Oral Approval 11–14–66 | 11–1–66 | 10–31–68 | 8–18–69 |
| Case No. 7 | 9–6–66 to 9–15–66 | 9–9–66 | 11–23–66 | 10–31–68 | 8–14–69 |

*Note A*   The Boston department failed to approve the hospitalization of this patient. The State department found that the patient was a recipient of public assistance at the time of hospitalization and approved the principal amount of the bill, but disapproved payment of interest. No bill appears in the record.

[2] We need not consider whether a formal demand by M.G.H., *prior* to seeking administrative review, would require payment of interest from the date of demand. M.G.H. has claimed no appeals from the final decrees, so the only question is whether it was permissible to allow interest from the date of the administrative appeal. Since no interest was allowed by the trial judge for any period prior to the administrative appeal, it is immaterial whether M.G.H. theretofore had been remiss in seeking payment in any of these cases.