C & M CONSTRUCTION COMPANY, INC. *vs*. COMMONWEALTH.

Suffolk.  October 10, 1985. — December 12, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Contract*, With Commonwealth. *Commonwealth*, Contract, Proceeding against Commonwealth. *Governmental Immunity. Judgment*, Interest. *Interest. Practice, Civil*, Interest, Judgment.

A plaintiff who recovered judgment on a contract claim against the Commonwealth was not entitled to recover, in a second action, interest on a portion of the judgment which remained unsatisfied during the period required for the Legislature to appropriate funds to satisfy it. [391-394]

CIVIL ACTION commenced in the Superior Court on September 2, 1976.

The case was heard by *George W. Cashman, J.*, sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard W. Schwartzman* for the plaintiff.

*Georgianna McLoughlin*, Assistant Attorney General, for the Commonwealth.

LYNCH, J. The plaintiff, C & M Construction Company, Inc., (C & M) appeals from a summary judgment for the defendant entered in the Superior Court. We transferred the case here on our own motion. There was no error.

In a prior action, C & M sued the Commonwealth in an action in contract and recovered a judgment on July 3, 1975,[1] for $343,407.93, including interest of $101,109.94. On July 9, 1975, the clerk sent a certificate of judgment in that amount

---

[1] Judgment was first entered against the Commonwealth in March, 1975, for $242,256.79, plus interest. On July 3, 1975, the plaintiff filed a motion to modify the judgment which was allowed, calculating interest in the amount of $101,109.94, plus costs of $41.20.

to the comptroller of the Commonwealth. The balance remaining of the funds appropriated for the project, $71,721.61, was paid to C & M.[2] The bureau of building construction submitted an additional budget request, dated July 21, 1975, to the budget bureau, requesting $271,686.32, to satisfy the balance of the certificate of judgment. A supplemental appropriation bill, (House Bill No. 4940), including the amount requested, was approved under St. 1976, c. 199, § 2. Payment was made to C & M on July 16, 1976.[3]

In the present action, C & M seeks to recover interest on the unpaid balance from the date of the prior judgment until the date of payment, July 16, 1976, plus interest on that sum and costs. C & M's motion for summary judgment was submitted to the judge on a statement of agreed facts. The judge ruled that the plaintiff was not entitled to interest on the balance due under the judgment and that there was no improper detention of the money. Judgment was thereupon entered for the Commonwealth.

The question presented is whether the Commonwealth is accountable for interest on the unsatisfied portion of a judgment during the time required for the appropriation of funds by the Legislature to satisfy the judgment, where there is no express statutory authority authorizing such recovery.

The thrust of the plaintiff's argument is that the present action is part of the litigation of a contract action, and should be treated as though it were based in contract. See *Monadnock Display Fireworks, Inc.* v. *Andover*, 388 Mass. 153, 156-157 (1983) (sovereign immunity is not a bar where a "duty was imposed by contract, and not by law"). The simple answer to that argument is that an action for interest after judgment is a

---

[2] The plaintiff does not claim interest on this sum, so the exact date of payment, not clearly established in the record, is irrelevant.

[3] The complaint avers that payment was not made until July 16, 1976, and the answer admits that averment. However, the statement of agreed facts, to which the plaintiff's counsel's signature is not attached, states that payment of the balance was made on or about July 16, 1976. Since the complaint seeks interest to July 16, 1976, we assume that payment was in fact made on that date.

separate action based upon a statutory right and is not part of the underlying claim on which the judgment is based. See G. L. c. 235, § 8 (1984 ed.).

Since the present action is not founded on the contract between C & M and the Commonwealth, as to which sovereign immunity is waived, the question is whether there is any other source of waiver of sovereign immunity.

The primary statutory basis for the waiver of sovereign immunity is G. L. c. 258 (1984 ed.). As we have repeatedly held, "[t]he rules of construction governing statutory waivers of sovereign immunity are stringent." *Woodbridge* v. *Worcester State Hosp.*, 384 Mass. 38, 42 (1981). See *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373 Mass. 720, 722-723 (1977); *General Elec. Co.* v. *Commonwealth*, 329 Mass. 661, 664 (1953). "Consent to suit must be expressed by the terms of a statute, or appear by necessary implication from them." *Woodbridge* v. *Worcester State Hosp.*, *supra*. *Smith* v. *Commonwealth*, 347 Mass. 453, 455-456 (1964). *Putnam Furniture Bldg., Inc.* v. *Commonwealth*, 323 Mass. 179, 185-186 (1948). See *McArthur Bros.* v. *Commonwealth*, 197 Mass. 137, 141 (1908).

General Laws c. 258 contains no provision permitting the award of postjudgment interest either expressly or by necessary implication. The only statute which expressly imposes liability on the Commonwealth for interest until the time of payment relates to actions for the taking of property by eminent domain. G. L. c. 79, § 37 (1984 ed.). Prior to the statutory authorization for recovery of such interest, it was clear that recovery of postjudgment interest was barred, absent a claim of just compensation under art. 10 of the Massachusetts Declaration of Rights or under the Fifth Amendment to the United States Constitution. *Broadhurst* v. *Director of the Div. of Employment Sec.*, *supra* at 725-727. *Woodworth* v. *Commonwealth*, 353 Mass. 229 (1967). *General Elec. Co.* v. *Commonwealth*, *supra*. C & M finds the necessary statutory authorization for payment of postjudgment interest by reading G. L. c. 235,

§ 8 [4] (statute awarding postjudgment interest in claims involv-
ing private parties) into the provisions of G. L. c. 258. In
other contexts we have rejected the notion that statutes which
provide for postjudgment interest in private actions were incor-
porated implicitly in statutes permitting recovery against the
Commonwealth. *Broadhurst* v. *Director of the Div. of Employ-
ment Sec., supra. Gurley* v. *Commonwealth*, 363 Mass. 595,
599-600 (1973). *School Comm. of Boston* v. *Board of Educ.*,
363 Mass. 20, 31-32 (1973).

Basic norms of statutory construction likewise compel the
conclusion that G. L. c. 235, § 8, was not meant to apply to
actions against the Commonwealth. We assume, as we must,
that, when the Legislature enacted G. L. c. 258, it was aware
of the existence of G. L. c. 235, § 8. See *Hadley* v. *Amherst*,
372 Mass. 46, 51 (1977); *Mathewson* v. *Contributory Retire-
ment Appeal Bd.*, 335 Mass. 610, 614 (1957). *Selectmen of
Topsfield* v. *State Racing Comm'n*, 324 Mass. 309, 313 (1949).

This court has recognized that a statute awarding postjudg-
ment interest in eminent domain cases evinced a legislative
intent that G. L. c. 235, § 8, not be applied to claims against
the Commonwealth. *Broadhurst, supra* at 726. See *Woodworth*
v. *Commonwealth, supra.* If that were not so, G. L. c. 235,
§ 8, would have made the enactment of a separate statute
awarding postjudgment interest in eminent domain cases an
unnecessary and redundant legislative gesture. In expressly
providing for interest until payment in one type of proceeding,
we assume the Legislature meant to " [exclude] by implication
other similar matters not mentioned." *McArthur Bros., supra*
at 139. *General Elec. Co.* v. *Commonwealth, supra* at 664.
The same logic disposes of C & M's claim that G. L. c. 235,
§ 8, applies here.

C & M's reliance on *Perkins School for the Blind* v. *Rate
Setting Comm'n*, 383 Mass. 825 (1981), is misplaced. In *Per-
kins School for the Blind*, we held that G. L. c. 231, § 6C,
established the applicable rate of interest in claims for the

---

[4] General Laws c. 235, § 8 (1984 ed.), provides, in pertinent part: "Every
judgment for the payment of money shall bear interest from the day of its
entry . . . ."

wrongful detention of money in contract actions against the Commonwealth. *Id.* at 831-837. See *Petricca Constr. Co.* v. *Commonwealth*, 13 Mass. App. Ct. 981, 982 (1982). *Perkins* did not involve a claim for interest on a judgment, but rather was a case of unreasonable detention of money due under a contract. *Perkins School for the Blind, supra* at 831. See *Sargeant* v. *Commissioner of Pub. Welfare*, 383 Mass. 808, 813-816 (1981). The difference is that in a *Perkins* situation the interest held to be due is "a remedy based on a contractual obligation of the Commonwealth." *Sargeant* v. *Commissioner of Pub. Welfare, supra* at 814.

In *Perkins*, we held that " [t]he critical question is whether the Commonwealth has done all that the law required of it in the particular case. If it has, it is not accountable for interest; if it has not, it is accountable for it as a compensation for nonperformance of its contract." *Perkins School for the Blind, supra* at 831. The doctrine of improper detention turns on consulting "the statutory scheme which regulates the relationship between the contracting parties," *id.* at 831-832, to determine the *contractual* obligations of the Commonwealth. That doctrine has no application where, as here, the purported obligation has no roots in contract. Were that doctrine applicable, the claim would be barred by the judge's ruling, which was clearly warranted, that the Commonwealth did everything the law required of it to satisfy the judgment.

*Judgment affirmed.*