MARGARET M. CHAPMAN *vs.* UNIVERSITY OF
MASSACHUSETTS MEDICAL CENTER.

Worcester. December 4, 1995. - September 24, 1996.

Present: LIACOS, C.J., WILKINS, O'CONNOR, GREANEY, & FRIED, JJ.

*Contract,* With Commonwealth. *Commonwealth,* Contracts, Claim against.
*Judgment,* Interest. *Interest. Practice, Civil,* Judgment, Interest.

The plaintiff in a contract action brought against an agency of the Com-
monwealth was not entitled to an award of postjudgment interest where
there was no statutory authority for the Commonwealth to be liable for
postjudgment interest [586-588], and any clerical error in the judgment
purporting to make such an award was properly the subject of the
defendant's motion for relief from judgment under Mass. R. Civ. P.
60(a) [588-590].

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 20, 1990.

Following review by this court, 417 Mass. 104 (1994), mo-
tions to direct a Superior Court clerk to include postjudgment
interest to date of execution and for relief from judgment
insofar as it included postjudgment interest were heard by
*Elizabeth Butler,* J.

The Supreme Judicial Court granted an application for
direct appellate review.

*Michael J. Michaeles* for the plaintiff.

*Terence P. O'Malley* for the defendant.

O'CONNOR, J. On July 20, 1990, the plaintiff, Margaret M.
Chapman, commenced this contract action against the defen-
dant, University of Massachusetts Medical Center (UMMC).
UMMC is an agency of the Commonwealth. *McNamara* v.
*Honeyman,* 406 Mass. 43, 47-48 (1989). Following a jury-
waived trial, a judge in the Superior Court found that UMMC
had terminated Chapman's employment in violation of
contract resulting in damages of $243,144.25. On January 10,
1992, judgment entered for Chapman for $243,144.25 "with

interest thereon from July 20, 1990, in the sum of $42,995.48 as provided by law" and costs. On appeal, this court affirmed the judgment. *Chapman* v. *University of Mass. Medical Ctr.,* 417 Mass. 104 (1994).

Following that decision, according to the Superior Court docket entries, an amended judgment after rescript was entered on April 19, 1994, awarding Chapman $243,144.25, "with interest thereon from June 6, 1986 [instead of from July 20, 1990, as provided in the original judgment] to the date of judgment in the sum of $163,149.63 plus additional interest from the date of judgment, January 10, 1992 to the date of judgment after rescript in the sum of $109,969.97 as provided by law" and costs. The amended judgment was entered by an assistant clerk and UMMC neither appealed from it nor sought to amend it pursuant to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974). The clerk of the court, however, refused to issue an execution that would include the $109,969.97, which was postjudgment interest.

The clerk's refusal to issue an execution that would include postjudgment interest prompted Chapman to move for an order that would require the clerk to "include interest on the judgment in Chapman's favor to the date of execution." The judge who heard the case on the merits (trial judge) denied the motion. She set forth her reasoning in a memorandum of decision, to which we shall return later in this opinion. Chapman appealed.

Chapman and UMMC filed in the Superior Court a joint motion for the issuance of a certificate of judgment for an award of damages and prejudgment interest in the sum of $406,293.88 ($243,144.25 plus $163,149.63). They stipulated that payment of that amount would not prejudice Chapman's appeal of the denial of postjudgment interest. The substantive issue on appeal, then, is whether Chapman is entitled to postjudgment interest from January 10, 1992, to the date of the execution.

This court granted Chapman's application for direct appellate review. While the appeal was pending, UMMC moved in this court for leave to file in the Superior Court a motion for relief from the amended judgment insofar as it included postjudgment interest and for a stay of the appellate proceedings until the contemplated Superior Court motion was decided. A single justice of this court allowed UMMC's motion. Then, in

the Superior Court, the trial judge allowed UMMC's motion for relief from judgment insofar as it included postjudgment interest, after which the stay of appellate proceedings in this court was lifted.

In denying Chapman's motion for an order requiring the clerk to include postjudgment interest to the date of execution, the judge reasoned that (1) UMMC is an agency of the Commonwealth, which Chapman does not dispute; (2) " 'an action for interest after judgment is a separate action based upon a statutory right and is not part of the underlying [contract] claim on which the judgment is based,' *C & M Constr. Co.* v. *Commonwealth* [396 Mass. 390, 391-392 (1985)]"; (3) postjudgment interest is not an element of damages; rather, postjudgment interest is designed to compensate a party for their loss of use of money; (4) therefore, the Commonwealth (and hence UMMC) is not liable for postjudgment interest in the absence of a clear statutory waiver of sovereign immunity in that regard; and (5) no such statutory waiver exists. The judge ordered that Chapman's "motion for postjudgment interest is *DENIED*." However, the judge did not explicitly order that the provision for postjudgment interest be eliminated from the amended judgment.

While conceding that no Massachusetts court decision or statute directly authorizes plaintiffs to recover postjudgment interest from the Commonwealth in contract actions, Chapman argues that because the Commonwealth has waived sovereign immunity from contract liability by common law and this court has held the Commonwealth liable for prejudgment interest for breach of contract, see, e.g., *Addison Gilbert Hosp.* v. *Rate Setting Comm'n*, 397 Mass. 56, 59-60 (1986); *C. & R. Constr. Co.* v. *Commonwealth*, 334 Mass. 232, 233 (1956), the Commonwealth should be liable for postjudgment interest in contract cases as well. We disagree, essentially for the reasons set forth by the Superior Court judge.

The statute providing for postjudgment interest, G. L. c. 235, § 8 (1994 ed.), states that "[e]very judgment for the payment of money shall bear interest from the day of its entry . . . ." In *C & M Constr. Co.* v. *Commonwealth*, 396 Mass. 390, 393 (1985), we rejected the plaintiff's claim for postjudgment interest on a judgment in a prior contract action against the Commonwealth, reasoning as follows:

"This court has recognized that a statute awarding

postjudgment interest in eminent domain cases evinced a legislative intent that G. L. c. 235, § 8, not be applied to claims against the Commonwealth. *Broadhurst* [v. *Director of the Div. of Employment Sec.,* 373 Mass. 720, 726 (1977)]. See *Woodworth* v. *Commonwealth,* [353 Mass. 229 (1967)]. If that were not so, G. L. c. 235, § 8, would have made the enactment of a separate statute awarding postjudgment interest in eminent domain cases an unnecessary and redundant legislative gesture. In expressly providing for interest until payment in one type of proceeding, we assume the Legislature meant to '[exclude] by implication other similar matters not mentioned.' *McArthur Bros.* [v. *Commonwealth,* 197 Mass. 137, 139 (1908)]. *General Elec. Co.* v. *Commonwealth,* [329 Mass. 661, 664 (1953)]. The same logic disposes of C & M's claim that G. L. c. 235, § 8, applies here."

Accord *Onofrio* v. *Department of Mental Health,* 411 Mass. 657, 660 n.5 (1992) ("General Laws c. 235, § 8 [1990 ed.], which provides that every judgment shall include postjudgment interest, does not apply to claims against the Commonwealth. *C & M Constr. Co., supra* at 393, and cases cited").

The rationale of *C & M Constr. Co.* v. *Commonwealth, supra,* controls this case. As the judge here noted, in *C & M Constr. Co.,* we reasoned that "an action for interest after judgment is a separate action based on a statutory right and is not part of the underlying claim on which the judgment is based." Although the plaintiff attempts to distinguish our decision in *C & M Constr. Co., supra,* based on the fact that in that case, the plaintiff brought a second action for postjudgment interest, such distinction is without significance. The Appeals Court clarified the nature of a postjudgment interest claim in the following statement:

"[I]n *C & M Constr. Co.* v. *Commonwealth,* 396 Mass. at 391-392, there was no liability for postjudgment interest (during the time required for the appropriation of funds to satisfy the judgment). Such putative liability was conceived to be noncontractual although the claim underlying the judgment was contractual in nature."

*Falmouth Hosp.* v. *Commissioner of Pub. Welfare,* 23 Mass.

App. Ct. 545, 548 n.6 (1987). Therefore, whether or not a plaintiff's claim for postjudgment interest is brought in a separate action, a claim for postjudgment interest is noncontractual and must be authorized statutorily. There is no statutory authority for postjudgment interest in the circumstances of this case.

Chapman makes another substantive argument that we have not yet addressed, which is that UMMC, by appealing unsuccessfully and then petitioning for rehearing after this court's rescript issued, Mass. R. A. P. 23, as amended, 367 Mass. 921 (1975), delayed payment of damages for an unreasonable period of time and therefore should be held liable for interest for wrongfully detaining funds. See, e.g., *Perkins Sch. for the Blind* v. *Rate Setting Comm'n*, 383 Mass. 825, 833-834 (1981) (allowing interest claim to proceed against Commonwealth where unreasonable delay in upward adjustment of plaintiff's compensation rate was attributable to administrative agency); *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare*, 359 Mass. 206, 209 (1971) (awarding interest to the plaintiff due to the Commonwealth's "detention of money, beyond the reasonable time which the statutes requiring payment to [the plaintiff] fairly should be interpreted as contemplating"). We reject Chapman's argument. Contrary to her assertion, this case involves UMMC's legitimate appeal of a judicial decision and is therefore unlike the situations presented by the above cited cases in which the Commonwealth was held liable for interest due to unreasonable delays in payment.

Lastly, we turn to Chapman's argument that, regardless of the general rule that, due to sovereign immunity, the Commonwealth is not liable for postjudgment interest, in this case the Commonwealth is liable therefor because UMMC failed to take timely steps to have the amended judgment corrected. The amended judgment, says Chapman, became the irreversible law of the case because UMMC failed to file a timely motion to amend judgment under Mass. R. Civ. P. 59 (e), and failed to appeal from the judgment under Mass. R.A.P. 4 (a), as amended, 395 Mass. 1110 (1985). We reject Chapman's argument.

As we have said, while the appeal from the judge's refusal to require the clerk to include postjudgment interest in an execution was pending in this court, a single justice granted

UMMC leave to file in the Superior Court a motion for relief from judgment. UMMC then filed its motion and the trial judge allowed it. Rule 60 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 828 (1974), provides as follows: "(a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." The Reporters' Notes to Mass. R. Civ. P. 60, Mass. Ann. Laws, Rules of Civil Procedure at 584 (Law. Co-op 1982) explain that "[r]ule 60 encompasses two basic situations: (a) the correction of mere clerical mistakes in the judgment or other part of the record, and (b) substantive relief from a final judgment." Accord *Chavoor* v. *Lewis,* 383 Mass. 801, 803 (1981). Analysis of a rule 60 (a) motion involves "(1) determining whether the judgment reflects the intent of the court at the time it was entered; and (2) determining whether the relief requested is essentially 'clerical' in nature rather than 'substantive' in nature." *Gagnon* v. *Fontaine,* 36 Mass. App. Ct. 393, 396 (1994).

In allowing the rule 60 (a) motion, the judge made clear in her memorandum of decision that "[t]here is no evidence that the trial court intended to award Chapman postjudgment interest" and that she did not so intend. The judge concluded that "the award of postjudgment interest in the Amended Judgment After Rescript constitutes a clerical error entitling the defendant to relief pursuant to Rule 60(a)." "In the situation where the judge who originally ordered the judgment reviews a rule 60 (a) motion in light of his or her original intent, the moving party may not have as difficult a task in proving that there was a clerical mistake or error. An appellate court reviews the judge's finding of mistake or error according to an abuse of discretion standard and would grant deference to the judge's determination of his or her contemporaneous intent in framing the judgment." *Gagnon* v. *Fontaine, supra* at 400 n.7, citing *DeLuca* v. *DeLuca,* 26 Mass. App. Ct. 191, 194 (1988).

We conclude that the judge correctly denied Chapman's motion to order the clerk to include postjudgment interest in the execution and correctly allowed UMMC's motion for relief from judgment. The execution to be issued shall not include postjudgment interest.

*So ordered.*