Botsford, J.
Introduction
The plaintiff, Sutton Corporation (Sutton), brought this action to recover damages from defendant Metropolitan District Commission (MDC) after it incurred additional expenses on a construction project due to a “changed condition.” Ultimately, the Supreme Judicial Court affirmed the original Superior Court judg *256 ment in favor of Sutton. Sutton Corp. v. Metropolitan Dist. Comm’n., 423 Mass. 200 (1996). Judgment after rescript was entered in the Superior Court on September 9, 1996. The judgment included an award of $221,312.77 in postjudgment interest. The MDC now moves for relief from the judgment after rescript, stating that as a matter of law, the doctrine of sovereign immunity prohibits Sutton from recovering postjudgment interest in this action. For the reasons set forth below, the MDC’s motion is allowed.
Background
Sutton brought a contract action against the MDC in 1982 for damages stemming from a project involving the construction of a bridge. After reference to a master, the Superior Court entered judgment in Sutton’s favor August 16, 1993 and damages were awarded in the sum of $255,504.61 plus $346,903.72 in interest plus costs. The MDC appealed and the Appeals Court reversed the judgment of the Superior Court. Sutton cross appealed from the judgment; that appeal was rejected. Sutton then petitioned for further appellate review, and in July of 1996 the Supreme Judicial Court affirmed the original judgment of the Superior Court. When judgment after rescript was entered in this Court, the clerk added $221,312.77 in postjudgment interest to the damages, which represents interest calculated at twelve percent on the $602,408.33 for the period extending from the entry of the original Superior Court judgment on August 17, 1993 to September 9, 1996, the day after the Supreme Judicial Court entered rescript.
On or about September 17, 1996, an assistant attorney general for the Commonwealth contacted the office of the State comptroller, requesting that the judgment be “held” and instructing the comptroller’s general counsel to release only $602,408.33, the amount of the judgment after rescript without the contested postjudgment interest. This was done.
Discussion
Sutton argues that the Commonwealth waived its sovereign immunity when it entered into the underlying construction contract, and that it is responsible for postjudgment interest under G.L.c. 235, §8 where it has waived its sovereign immunity. That argument must be rejected. The damages Sutton sought in this action related to its contract with the MDC. While the MDC (i.e., the Commonwealth) has waived sovereign immunity with respect to such contract actions, that waiver did not extend to liability for postjudgment interest because “an action for interest after judgment is a separate action based upon a statutory right and is not part of the underlying claim on which the judgment is based.” C&M Construction Co. v. Commonwealth. 396 Mass. 390, 391-92 (1985).
Whatever questions might have remained on the issue of postjudgment interest after the C&M case have been resolved by the recent decision of the Supreme Judicial Court in Chapman v. University of Massachusetts Medical Center, 423 Mass. 584 (1996). In Chapman, the court allowed the University’s motion for relief from postjudgment interest in a contract action where damages and prejudgment interest were awarded because the doctrine of sovereign immunity-bars liability for agencies of the Commonwealth. Id. at 585. The court reasoned that had the legislature intended the Commonwealth to be responsible for postjudgment interest in contract actions, it would have drafted legislation stipulating that result, just as it did in G.L.c. 79, §8[1] for eminent domain cases. Id. See Broadhurst v. Director of the Div. of Employment Security, 373 Mass. 720, 726 (1977). Sutton cannot lump its request for postjudgment interest in with the damages claimed in the initial contract action, because interest is not part of damages. See Chapman at 586. Chapman governs here. There is no statute authorizing postjudgment interest to be paid in this case.[2] The MDC cannot be held liable for postjudgment interest and its motion for relief should be allowed.
ORDER
For the foregoing reasons, it is ordered that defendant’s motion for relief from postjudgment interest is hereby allowed.

General Law c. 79, §8 states in relevant part: “Ajudgment whether against the commonwealth . . . shall bear interest . . . from the date of the entry of such judgment to and including the last day of the month prior to the month in which such judgment is satisfied, except that a judgment against the commonwealth shall not bear interest if it is satisfied within thirty days of such entry.”

After the oral argument on the Commonwealth’s motion, and following the issuance of the Chapman decision, Sutton presented an argument that Chapman does not control because interest in this case is required to be paid under G.L.c. 30, §39G. This argument deserves rejection because §39G does not address postjudgment interest.