224                          62 Mass. App. Ct. 224 (2004)

Snaxin, Inc. v. Underground Storage Tank Petroleum Cleanup Fund Administrative Review Board.

Snaxin, Inc. *vs.* Underground Storage Tank Petroleum
Cleanup Fund Administrative Review Board
(and a companion case[1]).

Nos. 02-P-935 & 02-P-936.

Essex. November 17, 2003. - October 5, 2004.

Present: Laurence, Mills, & Trainor, JJ.

*Underground Storage Tank Petroleum Cleanup Fund. Environment,* Environ-
mental cleanup costs. *Interest.*

In a civil action, the plaintiffs, who were owners of retail gasoline establish-
ments, were not entitled under G. L. c. 21J to interest for the period during
which the defendant delayed approving and paying the plaintiffs' claims
for reimbursement of costs incurred in their cleanup and replacement of
underground storage tanks at their establishments. [225-229]

Civil action commenced in the Superior Court Department on
February 10, 2000.

The case was heard by *Richard E. Welch, III,* J., on motions
for judgment on the pleadings.

Civil action commenced in the Superior Court Department on
November 30, 1998.

The case was heard by *Richard E. Welch, III,* J., on motions
for judgment on the pleadings.

*Glen Yanco* for the plaintiffs.

*Susan Paulson,* Assistant Attorney General, for the defendant.

Trainor, J. The plaintiff in each action before us on appeal
(hereinafter "the plaintiffs") sought financial assistance, in
accordance with the statutory scheme set out by G. L. c. 21J,
from the Underground Storage Tank Petroleum Cleanup Fund
(Fund) for help with environmental cleanup and replacement of

---

[1]Sports Oil Corporation *vs.* Underground Storage Tank Petroleum Cleanup
Fund Administrative Review Board. The two cases were consolidated for
appeal by leave of this court.

underground storage tanks at the plaintiffs' respective retail gasoline establishments. These efforts were required to comply with State and Federal mandates. The Fund was established by the Legislature in order to provide financial assistance to businesses that sell petroleum products that are stored in underground storage tanks. The plaintiffs submitted claims for reimbursement of costs incurred in their cleanup and replacement efforts to the Underground Storage Tank Petroleum Cleanup Fund Administrative Review Board (Board). The claims were ultimately approved and paid, but only after both plaintiffs were made to wait for more than a year for the Board's approval and payment. The plaintiffs brought actions against the Board seeking interest on their claims for the period of delay and challenging the regulations the Board had adopted to govern its procedure for approving such claims. They asserted that the statute provided for them to be paid sooner than they were in fact paid and that they were therefore entitled to interest on the delayed payments. The plaintiffs' motions for judgment on the pleadings seeking interest were denied by a Superior Court judge, and they each appealed. We conclude that the statute does not entitle the plaintiffs to interest and affirm the judgment.

General Laws c. 21J, § 8(5), requires the Board to render a decision within forty-five days following its "receipt" of submitted reimbursement claims. The Board, however, had adopted a regulation that called for a decision within forty-five days of the "presentation" of the claims to the Board. 503 Code Mass. Regs. § 2.10(c) (1994). Since the Board could determine when "presentation" would occur, the regulation gave the Board a great deal of discretion as to when it would render a decision, effectively tolling the forty-five day requirement of G. L. c. 21J, § 8(5), at its discretion. The Superior Court judge concluded that the conflict between the statute and the regulation rendered the latter ultra vires and therefore void. However, referring to the Commonwealth's sovereign immunity, the judge denied the plaintiffs' requests for interest. On appeal, the sole issue is whether the plaintiffs are due interest on the delayed payment of their claims.

It is not disputed that G. L. c. 21J does not contain any express authorization for the payment of interest in cases of

delay. The plaintiffs base their claims for interest on cases in which the Commonwealth has been found liable for interest on financial contractual obligations and on language in the statute which suggests a legislative intent that applicants be reimbursed by the Fund in an expeditious manner.

In arguing that the Commonwealth should pay interest for the delays in payment, the plaintiffs cite cases in which the Commonwealth was found liable for interest payments due to contractual obligations. See *Massachusetts General Hosp.* v. *Commissioner of Pub. Welfare,* 359 Mass. 206, 209 (1971); *Perkins Sch. for the Blind* v. *Rate Setting Commn.,* 383 Mass. 825, 831 (1981); *Addison Gilbert Hosp.* v. *Rate Setting Commn.,* 397 Mass. 56, 59-60 (1986). Since a contractual relationship is absent here, those cases do not control our analysis.

There have been other circumstances, however, in which the Commonwealth has been held to owe interest on a financial obligation to another party. For instance, the Commonwealth has been held liable for interest payments in relation to eminent domain actions. See *North Shore Realty Trust* v. *Commonwealth,* 434 Mass. 109, 115 (2001). See also *Roberts* v. *Worcester Redev. Authy.,* 53 Mass. App. Ct. 454, 462-463 (2001). Such interest obligation is based on constitutional requirements and is specifically authorized by statute. See *Woodworth* v. *Commonwealth,* 353 Mass. 229, 230-231 (1967). See also *North Shore Realty Trust* v. *Commonwealth, supra* at 115, citing G. L. c. 79, § 37. There is neither a constitutional requirement nor any specific statutory authorization for payment of interest upon reimbursements made pursuant to G. L. c. 21J. Consequently, the cases involving interest payments in eminent domain cases do not influence our decision.

In *Gaulin* v. *Commissioner of Pub. Welfare,* 23 Mass. App. Ct. 744, 747-748, *S.C.,* 401 Mass. 1001 (1987), this court ruled that plaintiffs who are successful in asserting a claim for attorney's fees against a State official under a Federal statute should be awarded interest on the delayed payment of such fees. The decision cited policy factors in the Federal statutory scheme addressing the protection of civil rights as requiring the payment of interest of these delayed payments. *Id.* at 749. No such statutory scheme and policy considerations are involved here.

While there are circumstances in which the Commonwealth has been held to owe interest to a party to which it has a financial obligation, such circumstances are limited and the general rule is to the contrary. The general rule follows the doctrine of sovereign immunity, which requires the Commonwealth to consent to liability, see *Bain* v. *Springfield*, 424 Mass. 758, 762-763 (1997); even where the Commonwealth has consented to an obligation, absent special circumstances as discussed, it will not be held liable for interest on the obligation absent a specific statutory authorization. See *Chapman* v. *University of Massachusetts Med. Center*, 423 Mass. 584, 586 (1996).

In *Gurley* v. *Commonwealth*, 363 Mass. 595, 599-600 (1973), the Supreme Judicial Court stated that express provisions for the payment of interest by the Commonwealth in certain statutes "suggest that the Legislature will authorize such payments expressly when they are intended" and that a statute's "silence on the question of interest payments indicates a legislative intent not to grant them." This court reached a similar result in *Hollstein* v. *Contributory Retirement Appeal Bd.*, 47 Mass. App. Ct. 109, 111 (1999), in which we cited a lack of explicit statutory authorization in rejecting the plaintiff's claim of interest on excessive pension deductions which were returned to plan members. Referring to statutory provisions that called for the payment of interest in certain limited circumstances, we observed, "[t]he specificity of these provisions reflects Legislative disapproval of payments of interest by implication." *Id.* at 112. See *Broadhurst* v. *Director of the Div. of Employment Security*, 373 Mass. 720, 727 (1977) ("legislative silence as to interest [in a statute] which otherwise contains a rather detailed consideration of proceedings and remedy, indicates a legislative intent" that interest payments are not payable). See also *Boston* v. *Massachusetts Commn. Against Discrimination*, 39 Mass. App. Ct. 234, 245 (1995) ("interest does not, in any event, lie against the Commonwealth or its instrumentalities [as here] in the absence of express statutory authorization").

In *Onofrio* v. *Department of Mental Health*, 411 Mass. 657, 659 (1992), the Supreme Judicial Court ruled that a plaintiff asserting a claim under the Massachusetts Tort Claims Act,

G. L. c. 258, can collect neither prejudgment interest, as the statute indicates, nor postjudgment interest, which is not addressed in the statute. The court was not receptive to an argument by the plaintiff that the express exclusion of prejudgment interest in the statute combined with silence as to postjudgment interest should lead to an inference that the latter is allowed. *Ibid.* "The rules of construction governing statutory waivers of sovereign immunity are stringent." *Ibid.*, quoting from *Ware* v. *Commonwealth*, 409 Mass. 89, 91 (1991). See *Chapman* v. *University of Massachusetts Med. Center*, 423 Mass. at 586-587; *Russo's Case*, 46 Mass. App. Ct. 923 (1999) (this court, relying on the *Onofrio* decision, concluded that without statutory authorization, the Commonwealth, as a self-insured employer for workers' compensation, did not owe interest to a workers' compensation claimant).

The plaintiffs allege that substantial delays in payments by the Board frustrate the fundamental purpose of the statute, which is to expedite environmental cleanup efforts by partially reimbursing costs and expenses incurred by claimants. Delay, they contend, will frustrate the purpose of the statute, since claimants would not be able to be reimbursed expeditiously.

There may be merit to the plaintiffs' assertion that the statutory language can be interpreted as indicating a legislative desire for swift reimbursement of claims.[2] However, absent explicit authorization of interest payments, such an interpretation does not lead to the conclusion that the plaintiffs are owed interest on payments due, even if the processing of the plaintiffs' claims was delayed beyond the time envisioned by the statute and despite the egregious actions of the Board.

The statute makes it clear that any disbursements from the Fund are subject to appropriation. G. L. c. 21J, § 4. See *Milton* v. *Commonwealth*, 416 Mass. 471, 473-474 (1993). The statute anticipates that insufficient funds may result in denial of claims or other actions and strictly limits the remedies available for

---

[2]The provision calling for a decision within forty-five days of receipt of the claim can be viewed as indicating an intent to mandate a swift procedure. G. L. c. 21J, § 8(5). The same section indicates that approved claims should result in a request for immediate payment being forwarded to the secretary of administration and finance.

those who may be aggrieved by such denial or other action. See G. L. c. 21J, § 11.

Finally, the statute explicitly acknowledges the possibility of "failure or delay of reimbursement" in a section which, rather than providing remedies for such failure or delay, actually limits the remedies available due to such failure or delay. G. L. c. 21J, § 3. The statutory language indicates that the Legislature was cognizant of the possibility of delay and chose not to create a remedy such as the payment of interest. See *Gurley* v. *Commonwealth*, 363 Mass. at 600 ("the Legislature will authorize [interest] payments expressly when they are intended [and] silence on the question of interest payments indicates a legislative intent not to grant them").

The statute anticipates the possibility that the reimbursement of even the principal amount may not be available due to insufficient funds, and contains no express provision for the payment of interest due to delay in reimbursement. Since these reimbursements are neither contractual obligations nor constitutional requirements, and there are no other special circumstances that would suggest interest payments should be made, we conclude that the statute does not entitle the plaintiffs to be paid interest.

*Judgments affirmed.*