SAENZ et al. v. KENEDY et al., and nine other cases.

Nos. 12803, 12835, 12849, 12860, 12873, 12874, 12877–12880.

United States Court of Appeals Fifth Circuit.

Dec. 9, 1949.

Rehearing Denied Jan. 24, 1950.

D. B. Chapin, Corpus Christi, Tex., E. Garland Brown, Corpus Christi, Tex., for all appellants.

Rex G. Baker, Felix A. Raymer, R. E. Seagler, Houston, Tex., H. G. Nebeker, Corpus Christi, Tex., for appellees Kenedy and others.

Felix A. Raymer, Wm. E. Loose, William S. Clarke, Houston, Tex., C. B. Neel, Corpus Christi, Tex., T. L. Dyer, Austin, Tex., J. W. Timmins, Dallas, Tex., F. V. Phipps, Tulsa, Okl., J. C. Hutcheson, Houston, Tex., James N. Ludlum, Fort Worth, Tex., Martin A. Row, Dallas, Tex., Lloyd Armstrong, Houston, Tex., John S. McCampbell, Ralph R. Wood, Dean B. Kirkham, Corpus Christi, Tex., R. H. Whilden, Barksdale Stevens, Houston, Tex., for appellees Phillips Petroleum Co. and others.

C. E. Bryson, Houston, Tex., J. W. Timmins, Martin A. Row, Frank J. Scurlock, Dallas, Tex., William S. Clarke, William E. Loose, Barksdale Stevens, Houston, Tex., B. D. Tarlton, Corpus Christi, Tex., Paul A. McDermott, Fort Worth, Tex., Lloyd Armstrong, Houston, Tex., John S. McCampbell, Ralph R. Wood, Dean B. Kirkham, Corpus Christi, Tex., R. H. Whilden, Houston, Tex., Cecil C. Cammack, Fort Worth, Tex., for appellees Pure Oil Co. and others.

Felix A. Raymer, R. E. Seagler, Houston, Tex., J. W. Timmons, Martin A. Row, Frank J. Scurlock, Dallas, Tex., H. G. Nebeker, Hayden W. Head, B. D. Tarlton, Birge Holt, Corpus Christi, Tex., Rex G. Baker, Lloyd Armstrong, Houston, Tex.,

Cecil C. Cammack, Fort Worth, Tex., for appellees Puenticitas Oil Co. and others.

William S. Clarke, Houston, Tex., Roy C. Ledbetter, Dallas, Tex., Barksdale Stevens, Houston, Tex., H. G. Nebeker, Corpus Christi, Tex., J. W. Timmins, Martin A. Row, Dallas, Tex., R. D. Cox, Jr., McAllen, Tex., R. H. Whilden, Houston, Tex., B. D. Tarlton, Corpus Christi, Tex., Lloyd Armstrong, Houston, Tex., for appellees La Gloria Corp. and others.

Leslie S. Lockett, Hayden W. Head, I. W. Keys, Corpus Christi, Tex., for appellees Southern Mineral Corp. and others.

Henry C. Walker, Jr., Shreveport, La., Cecil N. Cook, Houston, Tex., Leslie S. Lockett, Corpus Christi, Tex., Paul A. McDermott, Fort Worth, Tex., Harbert Davenport, Brownsville, Tex., Lloyd Armstrong, Houston, Tex., for appellees Arkansas Fuel Oil Co. and others.

Roy C. Ledbetter, Dallas, Tex., Paul A. McDermott, Fort Worth, Tex., John J. Cox, San Antonio, Tex., B. D. Tarlton, Corpus Christi, Tex., for appellees Magnolia Petroleum Co. and others.

Birge Holt, Corpus Christi, Tex., for appellees Glasscock and others.

Birge Holt, Leslie S. Lockett, Corpus Christi, Tex., for appellees State Nat. Bank of Robstown and others.

Before McCORD and WALLER, Circuit Judges, and RICE, District Judge.

PER CURIAM.

Pursuant to motions by plaintiffs and defendants, in each of the foregoing causes for summary judgments, the lower Court, on the 8th day of August, 1948, made a docket entry granting the defendants' motions and denying the plaintiffs' motions in each of these causes. A motion for rehearing was denied during the month of August, 1948, in each case, and a final and formal judgment was spread upon the Clerk's minutes in all of the cases between the 8th of September and the 13th of October, 1948,—the last of which was entered on the 13th of October, 1948. No notices of appeal were filed within thirty days from these final judgments. The plaintiffs

filed further motions on December 9, 1948, in a number of the cases, again seeking to have the judgments set aside. These motions were denied on January 4, 1949. Amended motions were also subsequently filed in January, 1949, under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., seeking to have the judgments vacated on the allegations that the judgments are void because of an alleged collusive agreement between the judge of the trial Court

"and the defendants herein and other oil companies, to the effect that he, said judge, would render judgment in favor of said defendants irrespective of fact and law; and that, in furtherance of said agreement, said judge deliberately and knowingly ignored the established facts and applicable law in respect thereto with the intent to despoil, pillage and defraud the plaintiffs, and that in rendering said judgment, said judge was acting simply as the alter ego of said defendants the oil oligarchy of this state and nation.

"This motion is based on the record of this case, and the briefs of the respective parties, and the proceedings had and done in this Court on October 22, 1947, and also on plaintiffs' brief in support of their motion for rehearing in civil action No. 335, at Brownsville, Texas."

These motions were overruled by the Court in all of the cases betwen March 14 and May 13, 1949. From the orders overruling these motions notices of appeal were filed within thirty days from the date of the entering of the orders denying plaintiff's amended motions. Rule 60(b), F.R.C.P., as amended, provides in part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * *." when such motion is made within a reasonable time—not to exceed one year after the judgment was entered or taken.

No testimony whatsoever was offered to support the allegations that the judgments

were procured by collusion between counsel for the defendants and the Judge of the Court below. Instead counsel for plaintiffs offers the record in factual support of his allegations.

Since the notices of appeal were filed within thirty days of the overruling of the motions to vacate final judgments for collusion and fraud an appeal thereunder would bring up to this Court for review only the propriety or impropriety—the correctness or the error—of the Court below in denying these motions to vacate. It would not bring up for review by this Court the final judgments entered in September, 1948. From these final judgments no appeals were taken within thirty days and this Court, is, therefore, without jurisdiction to review same. The appeals in these causes from such final judgments must be dismissed.

But deeming that the notices of appeal from the orders denying the amended motions of the plaintiff to vacate the final judgments for fraud were timely, and seasonably brought up the question of whether or not the Court below erred in failing to set aside the final judgments for alleged collusion and fraud between the counsel for the defendants and the lower Court it is appropriate and proper that we consider the merits of these appeals from those orders.

We are fully aware of the salutary rule that courts can and should set aside any judgment or decree that was procured by fraud, but we are also aware of the fact that fraud is never presumed and must always be proven by clear and convincing evidence. There is no testimony in this case to prove those allegations and there is nothing in the record, other than the legal conclusions of the pleader, as to any fraud or collusion between Court and counsel for defendants.

It follows, therefore, that the orders of the lower Court in denying the motions to vacate the final judgments for collusion and fraud should be, and the same are,

Affirmed.