**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert YOUNG and Mrs. Lillian Young,
Defendants-Appellants.**

**No. 10947.**

United States Court of Appeals,
Seventh Circuit.

Jan. 31, 1955.

Rehearing Denied March 1, 1955.

Bernard B. Wolfe, Chicago, Ill., for appellant.

Hon. Robert Tieken, U. S. Atty., Anna R. Lavin, John Peter Lulinski, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

Proceedings instituted by the United States under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.App. § 1891 et seq. culminated in a judgment against these defendants on February 7, 1952. They were ordered to restore $5,479.06 to various tenants and pay plaintiff damages of $4,181.12. By their post-judgment motion, filed February 20, 1952, defendants sought a new trial or, in the alternative, relief from that judgment under Rule 60, Fed. R.Civ.Proc., 28 U.S.C.A.

Our holding in Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300 supports the trial judge's denial of that tardy motion for a new trial. Fed.R.Civ.Proc. 59(b), 28 U.S.C.A. We find no reversible error impairing the judgment entered March 20, 1953, from which this appeal has been taken.

The final judgment, entered February 7, 1952, easily survives defendants' futile collateral attack. We refrain, despite defendants' suggestion to the contrary, from exploring the 1952 judgment under the guise of reviewing the one entered in 1953. Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Saenz v. Kenedy, 5 Cir., 1950, 178 F.2d 417. Since the district judge's memorandum, filed below, adequately disposes of defendants' tenuous arguments, it is unnecessary for us to burden this opinion with detailed rejections of defendants' points.

Judgment of the District Court is affirmed.