JANET LABOR & another[1] *vs.* SUN HILL INDUSTRIES, INC.

No. 97-P-1903.

Worcester. February 8, 1999. - December 16, 1999.

Present: ARMSTRONG, BROWN, & PORADA, JJ.

*Judgment,* Amendment, Correction of judgment. *Practice, Civil,* Amendment, Parties, Judgment, Correction of judgment. *Rules of Civil Procedure.*

In an action on a contract, a default judgment and an amended default judgment were not void by reason of the plaintiffs' erroneous description of themselves as a corporation in the original complaint [370-371], and a Superior Court judge did not err in allowing the plaintiffs' timely postjudgment motion under Mass.R.Civ.P. 60(a), with actual notice to the defendant, to correct the misnomer in the pleadings and judgment [371-373].

CIVIL ACTION commenced in the Superior Court Department on November 16, 1989.

A motion to vacate judgment or to correct clerical mistake was considered by *James P. Donohue,* J.

*Charles B. Straus, III,* for the defendant.

*William W. Hays* for the plaintiffs.

ARMSTRONG, J. On November 16, 1989, Jan-Art Packaging, Inc. (Jan-Art), filed a complaint alleging that it was a Massachusetts corporation, that it had contracted with Sun Hill Industries, Inc. (Sun Hill), to provide packaging services, that Sun Hill was in breach of that contract, and that Sun Hill owed Jan-Art $166,000.[2] Sun Hill was defaulted, and Jan-Art's motion for entry of a default judgment and to assess damages was

---

[1] Arthur Thomas.

[2] Jan-Art also brought claims against Commonwealth Molders, Inc., and Gary Philbrook for tortious interference with its contract with Sun Hill, for tortious interference with advantageous relations, and for a violation of G. L. c. 93A. So far as appears, motions for entry of a default judgment against these defendants were allowed, as was a motion for treble damages under G. L. c. 93A, but the docket does not reflect entry of any judgment against Commonwealth Molders or Philbrook. Neither is a party to this appeal.

allowed. A final default judgment under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), was entered against Sun Hill for $166,000 on May 20, 1991.

On February 16, 1993, Jan-Art moved to correct the name of the plaintiff from Jan-Art Packaging, Inc., to Janet Labor and Arthur Thomas, doing business as Jan-Art Packaging Co., on grounds that "at all times relevant to this matter, the plaintiff was not a corporation in the Commonwealth of Massachusetts" and "[t]hrough inadvertence and mistake, the plaintiff was incorrectly labeled in the pleadings." This motion was allowed by the same judge who had initially entered the default judgment against Sun Hill. No opposition appears on the record. An amended default judgment was entered on February 23, 1993.

On June 24, 1997, Sun Hill moved to vacate the original and amended judgments as void under Mass.R.Civ.P. 60(b)(4), 365 Mass. 828 (1974). The motion was denied on July 11, 1997, and this appeal followed.

Sun Hill contends that both the initial and the amended judgments are void because the plaintiff was a nonexistent corporation and that the Superior Court judge lacked power to allow Jan-Art's motion to correct its name after the expiration of the one-year period that Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), allows for making corrections in judgments necessitated by "mistake, inadvertence, surprise, or excusable neglect." See *Chavoor* v. *Lewis*, 383 Mass. 801, 803-804 (1981).

We need not decide whether a new version of G. L. c. 231, § 51, enacted in 1988, now permits a judge to extend that time limit.[3] Instead, we treat Jan-Art's motion as having been brought pursuant to Mass.R.Civ.P. 60(a) to correct the pleadings and judgment to reflect the true identity of the plaintiffs.

1. *Validity of the judgments.* Jan-Art's erroneous description of itself as a corporation did not nullify the proceedings as Sun Hill claims. Substantially on point is *Robinson* v. *Trustees of*

---

[3]Statutes 1988, c. 141, § 1, is discussed in *Wood* v. *Jaeger-Sykes, Inc.*, 27 Mass. App. Ct. 199, 200-201 & n.3 (1989). Section 51 before the 1988 revision allowed amendments only in cases not covered by the rules of civil procedure and only before the entry of judgment. The amended section seemingly applies to all cases, whether or not covered by the rules, and allows "at any time" amendments "adding a party, discontinuing as to a party or changing the form of the action" or amendments in any "matter of form or substance . . . which may enable the plaintiff to sustain the action for the cause . . . for which the action was intended to be brought."

*N.Y., N.H. & H.R.R.*, 318 Mass. 121, 122-124 (1945), where, as here, the plaintiffs mistakenly described themselves in the pleadings as a corporation. The trial judge permitted the plaintiffs to amend their writ pursuant to G. L. c. 231, § 51, to correct the misnomer. The ruling was affirmed on appeal, the court reasoning as follows: "Although there was no corporation as described in the writ, the proceeding was not on that ground a nullity for the two plaintiffs from the beginning owned the claims that they were attempting to enforce under their trade name which, in the absence of fraud, they had the right to assume in transacting their business, and the amendment in the instant case did no more than furnish a more accurate description of those who always had owned the cause of action since it came into existence." *Id.* at 124 (citations omitted).

This result conforms with that of later cases that narrowed the application of the nullity doctrine so that the action originally intended by the plaintiff could go forward. In *Holmquist* v. *Starr*, 402 Mass. 92 (1988), for example, the court refused to nullify proceedings in which a personal injury action was brought against a deceased person and determined that it had been proper to allow an amendment substituting the executrix of the estate as the defendant. The court explained that "[t]his result is consistent with what has long been the law of the Commonwealth in another context, that it is not fatal that a complaint was not initially filed in the proper party's name or proper capacity, so long as the action is the one which the plaintiff 'originally intended to bring.' " *Id.* at 95, quoting from *Bengar* v. *Clark Equip. Co.*, 401 Mass. 554, 557 (1988). See *Nutter* v. *Woodard*, 34 Mass. App. Ct. 596, 598-560 (1993) (following *Holmquist, supra*). Cf. *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 626-629 (1977) (in zoning case brought by plaintiffs who had no standing, no abuse of discretion in allowance of amendment adding plaintiffs who did have standing).

In the case before us, as in *Robinson, supra*, the Superior Court judge simply permitted the plaintiffs to substitute their individual names in order to describe more accurately those who from the outset had been trying to enforce their claim. Neither the original nor the amended judgment is void.

2. *Allowance of Jan-Art's motion to correct the misnomer.* This case differs from *Robinson* in that the plaintiffs in the earlier case brought their motion to amend before judgment, while Jan-Art moved to amend after judgment. 318 Mass. at

123. In the circumstances here, Mass.R.Civ.P. 60(a) is a proper vehicle for correcting the misnomer. That rule provides, in pertinent part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." See *Chapman* v. *University of Mass. Med. Center*, 423 Mass. 584, 588-589 (1996). The rule "covers mistakes or errors of the clerk, the court, the jury, or a party." Reporters' Notes to Mass.R.Civ.P. 60, Mass. Ann. Laws, Rules of Civil Procedure, at 588 (Lexis 1997). While we are aware of no Massachusetts decisions addressing the use of rule 60(a) to correct the misnomer of a party, Federal courts have held their cognate rule to be appropriate for this purpose. See *Fluoro Elec. Corp.* v. *Branford Assocs.*, 489 F.2d 320, 323-326 (2d Cir. 1973) (judgment entered against Branford Associates, a corporation; the defendant's name was corrected to Branford Associates, a partnership); *Silas* v. *Paroh S.S. Co.*, 175 F. Supp. 35, 38-39 (E.D. Va. 1958), vacated on other grounds sub nom. *World Carriers, Inc.* v. *Bright*, 276 F.2d 857 (4th Cir. 1960) (judgment entered against Paroh Steamship Company; the defendant's name was corrected to Paroh Steamship Corporation); *Pacificorp Capital, Inc.* v. *Hansen Properties*, 161 F.R.D. 285, 287-288 (S.D.N.Y. 1995) (judgment entered against Hansen Properties; the defendant's name was corrected to Hansen Properties, Inc.); 11 Wright, Miller & Kane, Federal Practice and Procedure § 2854, at 244 (2d ed. 1995). Our rule, Mass.R.Civ.P. 60(a), is identical to its Federal counterpart, and, "absent compelling reasons to the contrary or significant differences in [the rules'] content," we give to our rules of civil procedure the construction given to the Federal rules. *Rollins Envtl. Servs., Inc.* v. *Superior Ct.*, 368 Mass. 174, 179-180 (1975). *Chavoor* v. *Lewis*, 383 Mass. at 806 n.5.

Unlike the Federal cases cited above, the plaintiff, rather than the defendant, was misnamed in this case. It was no less fair to correct the error in these circumstances. See *Duff* v. *Zonis*, 327 Mass. 347, 351 (1951) (finding "no difference in principle" between the circumstances of that case, in which the defendant had been misnamed, and *Robinson, supra,* where the plaintiff had been misnamed). When Jan-Art moved to correct the misnomer in February, 1993, well within the six-year statutory

period for bringing its contract action,[4] Sun Hill was given actual notice of the amendment and was thereby put on notice of Jan-Art's correct legal status. At that time, Sun Hill could have moved to vacate the default judgment so that it could defend against the properly named plaintiff. Sun Hill took no action. It was not until more than four years later, after the statutory period had run for Jan-Art's contract action, and after Sun Hill had failed to obtain summary dismissal of a Connecticut action brought to enforce the amended judgment, that Sun Hill sought to have the judgments at issue vacated. Sun Hill cannot be heard to complain at this late date after neglecting to act years earlier. It ill becomes Sun Hill to suggest, as it does, that the judgments should be vacated and Labor and Thomas be forced to sue in their own names now that the limitations period for their contract action has expired.

Finally, where, as here, a rule 60(a) motion was allowed by the same judge who originally entered the judgment, we "grant deference to the judge's determination of his or her contemporaneous intent in framing the judgment." *Chapman* v. *University of Mass. Med. Center*, 423 Mass. at 589, quoting from *Gagnon* v. *Fontaine*, 36 Mass. App. Ct. 393, 400 n.7 (1994). The allowance of Jan-Art's amendment enabled the judge to accomplish what he had intended — to provide relief to the individuals who brought suit to enforce their contractual rights.

*Denial of motion to vacate affirmed.*

---

[4]Jan-Art alleged that Sun Hill's breach occurred on October 15, 1988.