McCann, J.

INTRODUCTION

The plaintiff, Art & Antique Gallery, Inc. (Gallery), is represented by Richard T. Tucker, Esq., and Steven A. Kressler, Esq. The defendant, Biagio (Luigi) Cugini, is represented by James R. Burke, Esq., and Blaine J. DeFreitas, Esq. All are presently counsel of record, and none filed a notice of withdrawal or motion to withdraw. Third-party defendant, George KarenZhouf (Zhouf), is represented by William C. Henchy, Esq.
The Complaint, in one count, was brought by Gallery against Biagio (Luigi) Cugini for the balance of $40,950 owed for the purchase of 23 paintings. Biagio (Luigi) Cugini filed an answer of general denial. He also filed four affirmative defenses: (1) consignment; (2) excuse; (3) fraud; and (4) statute of frauds.
Biagio (Luigi) Cugini also filed a counterclaim against Gallery in four counts for: (1) rescission; (2) *506 mistake and fraud; (3) warranty; and (4) misrepresentation.
Gallery, as a defendant-in-counterclaim, filed an answer of general denial and three affirmative defenses.
Gallery filed a third-party complaint in one count against the third-party defendant Zhouf, sounding in conversion.
Zhouf, as a third-party defendant, filed an answer of general denial and a counterclaim against Gallery in three counts, alleging (1) rescission; (2) rescission and commission; and (3) misrepresentation. Gallery filed an answer of general denial.

BACKGROUND

Gallery commenced the suit in May of 1985. The original named defendant was Biagio (Luigi) Cugini. Attorney James R. Burke filed an answer on behalf of Biagio (Luigi) Cugini. Biagio (Luigi) Cugini filed a third-party complaint under that name, essentially, involving himself in the transactions in the dispute, and making a counterclaim under the name of Biagio (Luigi) Cugini. An answer was filed by the third-party defendant, Zhouf who also filed a third-party counterclaim against Biagio (Luigi) Cugini. An answer was filed by Biagio (Luigi) Cugini as a third-party defendant-in-counterclaim by his lawyer, James R. Burke.
In July of 1988, Gallery filed a Request for Production of Documents from the defendant Biagio.(Luigi) Cugini. He responded and produced seven documents. The first was an invoice of Gallery, dated November 5, 1984, and addressed to Mr. Cugini. Another was an invoice of Gallery, dated April 1, 1985, and addressed to Luigi Cugini. The next was a receipt, No. 04173, dated April 9, 1985, reciting terms of a contract between Zhouf and Luigi Cugini. Finally, there was a Certificate of Service signed by Attorney James R. Burke certifying he was the attorney for Luigi Cugini.[1] A Notice of Deposition was given, noticing the deposition of Biagio (Luigi) Cugini. Biagio (Luigi) Cugini attended his deposition without his lawyer, for reasons not known to the court. At his deposition on September 30, 1988, Attorney William C. Henchy asked him to state his full name and address. He answered, “Luigi Cugini, No. 1 Garrish Street, Brighton, Massachusetts.” Further responses indicate he was born in Rome, Italy and immigrated to the United States in 1958.
During the pendency of the case, the third-party defendant, Zhouf, filed a Motion for Summary Judgment supported by an Affidavit. Exhibit A of the Affidavit listed the defendant as Luigi Cugini. The Affidavit also referred to numerous receipts that were attached to it, signed by the defendant Luigi Cugini, in particular, three signatures of Luigi Cugini on his stationery, “Roman Forum Gallery.” The Affidavit also included copies of three checks, made payable to Luigi Cugini, and finally, an accounting of funds, signed by Luigi Cugini. In all, there were four signatures of Luigi Cugini and four other separate references to the name Luigi Cugini. Not one of the documents submitted used the name Biagio (Luigi) Cugini.
To compound the problem, Attorney James R. Burke filed a Memorandum in Opposition to the Third-Party Defendant’s Motion for Summary Judgment and throughout it referred to the defendant as Biagio (Luigi) Cugini. Furthermore, Attorney James R. Burke prepared an Affidavit on behalf of Biagio (Luigi) Cugini in support of the Opposition to the Motion for Summary Judgment, which was in the name of Biagio (Luigi) Cugini and was signed under the pains and penalties of perjury. The printed signature line was Biagio (Luigi) Cugini. The first sentence acknowledged the person who signed the Affidavit was Biagio (Luigi) Cugini, and yet the signature line was Luigi Cugini.
The matter came before Butler, J. for trial in 1991. The court issued Findings of Fact, Conclusions of Law and an Order for Judgment.
To compound the pleadings even further, at the time the matter came before the court for trial, Gallery filed a Request for Findings of Fact and Rulings of Law and referred to the defendant as Biagio (Luigi) Cugini throughout its pleadings. The third-party defendant, Zhouf, filed a Third-Party Defendant’s Request for Findings and Rulings, and in the caption, Zhouf referred to the defendant as Luigi (Biagio) Cugini, but in the body referred to him as Luigi Cugini.[2]
The court presumably followed the caption and name as set forth in the Third-Party Defendant’s Request for Findings and Rulings because in its caption the court named the defendant as Luigi (Biagio) Cugini, yet in the body of its Findings referenced Luigi Cugini. The Order for Judgment was for the plaintiff, Gallery, against Luigi Cugini in the body of the Findings for $30,500.
A Judgment entered July 2, 1991, the caption of which again incorrectly mirrored the caption of the Third-Party Defendant’s Request for Findings and Rulings, by virtue of referring to the defendant as Luigi (Biagio) Cugini.
Furthermore, paragraph 1 of the Judgment followed the Judge’s Findings and Rulings and named the defendant Luigi Cugini. An original execution issued in July of 1991 in the amount of $61,716.63, naming the defendant Biagio (Luigi) Cugini on its face, which is consistent with the name of the defendant as named in the original complaint.
The matter lay dormant until 2001.
On November 13, 2001, Gallery filed a motion for an alias execution to replace the original execution. To compound the matter even further, Gallery’s counsel adopted the name of the defendant as Luigi (Biagio) Cugini, both in its caption and within the body of its pleading. The court, Toomey, J., allowed the motion *507 because there was no opposition. As such, the defendant was named Luigi (Biagio) Cugini in all of the supporting papers, including an Affidavit by Gallery, the 9A Compliance and the Certificate of Service.
A year later, on November 21, 2002, Gallery filed an Ex Parte Motion of the Plaintiff for Entry Onto Property for Recovery of Capital Pursuant to Judgment/Execution, in which it further compounded the problem by naming the defendant Biagio Luigi Cugini.[3] A short Order of Notice issued for a hearing on December 4, 2002. On that date, the court took no action, the defendant was given leave to obtain counsel, and the motion was to be remarked by agreement. The motion came before the court on March 14,2003, in a hearing before Fecteau, J., who properly pointed out this matter exemplifies the importance of counsel correctly identifying parties in the pleadings. The court denied the motion without prejudice until Gallery took appropriate steps to correct the error. This court notes Gallery used the name of Luigi (Biagio) Cugini in filing its Motion for an Alias Execution, but in all subsequent pleadings used the name Biagio Luigi Cugini.
Pursuant to the Order of Fecteau, J., on September 18, 2003, Gallery filed Plaintiffs Motion Pursuant to Rule 9(a) [sic] Amend the Docket and to Correct the Record to Accurately Name the Defendant and to Reform All Findings and Orders. The motion came before the court for hearing on October 29, 2003. In this latter proceeding, Gallery referred to the defendant as Biagio Luigi Cugini. Blaine J. DeFreitas, Esq., filed an appearance on behalf of the defendant named in the motion, Biagio Luigi Cugini.
During the hearing on the motion, Attorney Kressler represented there are in fact three generations of Cugini. The first and the oldest generation is Luigi Biagio Cugini. The next generation down is his son, Luigi Cugini, who it is alleged is the Biagio (Luigi) Cugini named as the defendant in the Complaint. The third generation down is the son of Luigi Cugini, whose name is Biagio Cugini. It was further represented to the court that the grandfather, i.e., the first generation Cugini known as Luigi Biagio Cugini, is not in any way involved in these proceedings. The latter Cugini, Biagio Cugini, is involved to some extent as will be developed hereafter.
Luigi Cugini is married to Geraldine Cugini. Their son, Biagio Cugini, was born on March 29, 1982.
When the son, Biagio Cugini, was of tender years, he was a plaintiff in a personal injury claim. The case settled and netted a substantial award, the amount not having been disclosed to this court.
Geraldine Cugini and Luigi Cugini utilized the proceeds from the settlement in their son’s case to purchase a home at 2 Carbone Circle, Maynard, Massachusetts, which they acquired on July 29, 1996.[4] Luigi Cugini and Geraldine Cugini took title to the property in their names as tenants by the entirety. The original first mortgage on the premises was in the amount of $70,100. Luigi Cugini filed a Declaration of Homestead on December 20, 1999, but his wife filed none. Geraldine Cugini and Luigi Cugini remortgaged the property on September 19, 2001 for $351,000. Luigi Cugini subordinated his Declaration of Homestead to that mortgage.
On November 12, 2001, Luigi Cugini and Geraldine Cugini conveyed the property from themselves to their son, Biagio Cugini, and Geraldine Cugini as joint tenants with a right of survivorship.
Suit on the judgment on this action was commenced in the Suffolk Superior Court. The amount now owed with accumulated interest is perhaps in the neighborhood of $150,000.
All parties concede the proper name of the defendant in this action should be Luigi Cugini, rather than Biagio (Luigi) Cugini. The parties made no objections to those representations, and the court so finds.
Gallery’s motion asks the court to amend the docket and the record to accurately reflect the correct name of the defendant, Luigi Cugini, and to reform all findings and orders. For the following reasons, Gallery’s motion is ALLOWED.

DISCUSSION

The defendant opposes the motion on the grounds that Gallery brought its Complaint over eighteen years ago, and the time has long passed for Gallery to amend its Complaint and/or any other court documents. Additionally, the defendant argues Gallery’s failure to act in a timely and reasonable manner without providing any valid reason for the delay of well over a decade renders the motion too late. Furthermore, the defendant asserts the prejudice to him is apparent from the record, and in fairness, if the court entertains amending the pleadings at this late date, it should extend the time for the defendant to file an appeal of the case in chief. In support of his arguments, the defendant relies upon Mass.R.Civ.P. 60(b)(1) and asserts Gallery outlined no “excusable neglect,” failed to file an affidavit explaining the error or the delay and failed to bring its motion within the one-year time limit. Thus, the court should deny Gallery’s motion. The defendant’s arguments are without merit, and the case law he relies upon is misplaced.[5]
Mass.R.Civ.P. 60(a) provides, in pertinent part, “Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.” Mass.R.Civ.P. 60(a) (emphasis added). “The Reporters’ Notes to Mass.R.Civ.P. 60 state that ‘in effect [r]ule 60(a) merely seeks to insure the record of judgment reflects what actually took place.’ ” Gagnon v. Fontaine, 36 Mass.App.Ct. 393, 395-96 (1994), quoting Mass. Ann. Laws, Rules of Civil Procedure at 585 (Law *508 Co-op 1982). In analyzing a motion brought pursuant to Rule 60(a), the court must determine (1) whether the judgment reflects the court’s intent at the time it was entered; and (2) whether the relief sought is essentially “clerical” versus “substantive” in nature. Chapman v. Univ. of Mass. Med. Ctr., 423 Mass. 584, 589 (1996), quoting Gagnon, 36 Mass.App.Ct. at 396.
Additionally, section (b) of Mass.R.Civ.P. 60 provides for relief to “a party or his legal representative from a final judgment, order, or proceeding” based on one of six specified reasons if a motion is “made within a reasonable time.” Mass.R.Civ.P. 60(b).[6] Section (b) subsequently defines “a reasonable time” as “not more than one year after the judgment, order or proceeding was entered or taken." Mass.R.Civ.P. 60(b).[7]
The Massachusetts Court of Appeals adopted the Federal court rule in holding Mass.R.Civ.P. 60(a) applies to correct the misnomer of a party because the state rule is identical to the federal rule, and unless significant differences exist, state courts interpret their rules of civil procedure similarly. Labor v. Sun Hill Indus., Inc., 48 Mass.App.Ct. 369, 372 (1999).[8] In Labor, the plaintiff moved to correct its name almost two years after a default judgment entered against the defendant, and the motion was allowed. Id. at 370. On appeal, the defendant argued both the initial and the amended judgments were void because the plaintiff was a non-existent corporation, and the Superior Court lacked the authority to allow the motion after the one-year time limit of Mass.R.Civ.P. 60(b)(1) expired. Id. In applying 60(a), rather than 60(b)(1), the court concluded that allowing the plaintiff to substitute its correct name simply “describe[d] more accurately those who from the outset had been trying to enforce their claim. Neither the original nor the amended judgment is void.” Id. at 371 (explaining “it is not fatal that a complaint was not initially filed in the proper party’s name or proper capacity, so long as the action is the one which the plaintiff originally intended to bring”).
Federal case law also establishes that a party may appeal a decision made on a Rule 60 motion within thirty days; however, the final judgment from years earlier may not be appealed. See Hines v. Seaboard Air Line R.R. Co., 341 F.2d 229, 231-32 (2nd Cir. 1965) (holding denial of motion under Rule 60(b) appealable, but denial does not bring up for review the order sought to be modified); Bankers Mortgage Co. v. U.S., 423 F.2d 73, 79 (5th Cir. 1970) (finding Rule 60(b) cannot be used to relitigate issues in former action); Cromelin v. Markwalter, 181 F.2d 948, 949 (5th Cir. 1950) (noting motions under Rule 60(b) are appeal-able); Saenz v. Kenedy, 178 F.2d 417, 419 (5th Cir. 1949) (finding court may only review correctness or error of court below in denying motion to vacate brought pursuant to Rule 60(b) of Fed.R.Civ.P.). Massachusetts law parallels Federal law by permitting appeals in civil cases if they are “filed with the clerk of the lower court within thirty days of the date of the entry of the judgment appealed from . . .” Mass.R.A.P. 4(a). A party may obtain an extension for filing notice of appeal “(u]pon a showing of excusable neglect,” in which case the extension will be “for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this rule ...” Mass.R.A.P. 4(c).
In this case, the record makes absolutely clear that throughout discovery, namely the defendant’s response to the request for production of documents and the defendant’s deposition in 1988, that the true name of the defendant was Luigi Cugini. In the defendant’s response to the request for the production of documents, he provided documents that included four signatures using the name Luigi Cugini and four other references to Luigi Cugini. Furthermore, at his own deposition, the defendant said his name was Luigi Cugini. All counsel were on notice at that time that the true name of the defendant was Luigi Cugini. By all rights, counsel for the plaintiffs should have at that point moved to amend the complaint to correct the name of the defendant. No one did.
Notwithstanding that, the record also clearly establishes that throughout all of the pleadings, Luigi Cugini has been named Biagio (Luigi) Cugini. The latter name was used by Gallery to name the defendant in the Complaint; by the defendant Luigi Cugini when he became a plaintiff-in-counterclaim named Biagio (Luigi) Cugini; by the defendant Luigi Cugini when he became a third-party plaintiff named Biagio (Luigi) Cugini; and by the defendant Luigi Cugini when he became a third-party defendant-in-counterclaim named Biagio (Luigi) Cugini. The defendant never raised an affirmative defense in any of the pleadings that a misnomer existed. Furthermore, in his Affidavit in Support of the Opposition to the Motion for Summary Judgment, the defendant under the pains and penalties of perjury acknowledged in the introductory clause that his name was Biagio (Luigi) Cugini; the name of Biagio (Luigi) Cugini was typed under the typewritten signature line, and yet the signature is simply Luigi Cugini.
The hounds of the judgment creditor are hot on the defendant’s heels and seek to collect a judgment, originally $30,500, but now approaching or exceeding $150,000 with interest. The findings of the trial justice were clear. Luigi Cugini committed fraud, and consequently the court found against him. Luigi Cugini is one and the same as Biagio (Luigi) Cugini. He now seeks relief from the court and requests the present motion be denied, the result of which would be that the original judgment could not be collected against him. To allow that to happen would allow the fraud that he originally was found to have committed, and his continuous representation to the court that he was and is in fact also known as Biagio (Luigi) Cugini, to result in further fraud upon the court.
*509 The court therefore finds the interests of justice compel that relief be granted. Additionally, the court finds the name of the defendant should be named in the pleadings as Luigi Cugini, also known as Biagio (Luigi) Cugini, because those are the two names to which he acknowledged himself in the pleadings and which he used with impunity.
The defendant asks the court to deny the current motion based on the amount of time that has passed, or alternatively, if the court allows the motion that further relief be granted to the defendant in order to perfect an appeal from the original judgment. The defendant’s first contention regarding a one-year time limit fails because the applicable rule, given the misnomer of the defendant is Rule 60(a), which allows the court to correct a mistake in the judgment at any time. Mass.R.Civ.P. 60(a) (emphasis added); Labor, 48 Mass.App.Ct. at 372. Moreover, no action is necessary by the court upon the defendant’s request for an extension to file an appeal. The action of the court will effectuate an amended judgment to reflect the court’s intent at the time the original judgment was entered, from which stems no right of appeal on the former action. The defendant may of course appeal the court’s decision made on the Rule 60 motion.

ORDER

1. The alias execution previously issued by the court shall be returned to the court forthwith.
2. The clerk shall enter on the docket the true name of the defendant, Luigi Cugini, also known as Biagio (Luigi) Cugini.
3. An Amended Judgment shall issue naming the defendant Luigi Cugini, also known as Biagio (Luigi) Cugini; and a new alias execution shall issue similarly.

This is the first direct reference by Attorney James R. Burke to his representation of Luigi Cugini. He signed ail other prior documents on behalf of Biagio (Luigi) Cugini.

This is the first time in any of the pleadings that the parties referred to the defendant as Luigi (Biagio) Cugini or Luigi Cugini.

Although Biagio (Luigi) Cugini was the original named defendant in the Complaint and named as such in the Counterclaim and Third-party Complaint, at this stage counsel for the plaintiff now used the name Biagio Luigi Cugini without any parentheses on the middle name of Luigi. Although this may appear to be a small matter, it is not in this case, as counsel of record failed to pay appropriate attention to the proper naming of parties.

There is no evidence before the court as to whether the funds of the minor child were used to buy the home with prior court approval.

Both cases relied upon by the defendant Roberson v. City of Boston, 19 Mass.App.Ct. 595 (1985), and Connor v. Weldon, 1989 Mass.App.Div. 105 (1989), pertain to the one-year time limit placed on motions brought pursuant to Mass.R.Civ.P. 60(b)(1)-60(b)(3); however, as discussed, infra, section (b) is inapplicable to the situation at bar.

Section (b) provides the moving party with the following reasons: “(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or (6) any other reason justifying relief. . .” Mass.R.Civ.P. 60(b).

This one-year time limit only applies to Mass.R.Civ.P. 60(b)(1)-60(b)(3).

The court cited several Federal cases in which the defendant’s name was corrected. See Fluoro Elec. Corp. v. Branford Assocs., 489 F.2d 320, 323-26 (2nd Cir. 1973); Silas v. Paroh S.S. Co., 175 F.Sup. 35, 38-39 (E.D.Va. 1958), vacated on other grounds by World Carriers, Inc. v. Bright 276 F.2d 857 (4th Cir. 1960); Pacificorp Capital, Inc. v. Hansen Properties, 161 F.R.D. 285, 287-88 (S.D.N.Y. 1995).