Merrick, J.
As amended, this is an action against defendant Lawrence E. Jones (“Jones”), individually, as the personal guarantor of an account of Access & Mobility Specialists, Inc. (“Access”). By Mass. R. Civ. P., Rule 60(b) motion, Jones sought to vacate an execution which had been amended by the trial court clerk to change the name of the defendant without notice to the defendant or an order of the court.
Jones was the owner and controlling officer of Access in 1998 when he signed a personal guaranty of the corporation’s obligations for purchases made from the plaintiff, Bruno Independent Living Aids. On April 23, 2001, Jones conveyed his stock shares in Access to his daughter, and resigned as an officer. Jones did not withdraw his guaranty or notify the plaintiff that he would not be liable for any after-incurred obligations of Access. After the stock transfer, Access incurred $11,435.78 in additional debt to the plaintiff for which payment has not been made. This suit was filed on January 12, 2005 against Jones, as guarantor, to recover payment.
The plaintiffs first complaint inexplicably named the defendant as “LAWRENCE E. JONES, PRESIDENT ACCESS & MOBILITY SPECIALISTS, INC. (capitals in original).” Before process was served on March 8, 2005, the complaint was unilaterally amended to name the defendant simply as “LAWRENCE E. JONES” (capitals in original). A default judgment was later entered, as requested by the plaintiff, against “Lawrence E. Jones, President Access & Mobility Specialists, Inc.” Execution was also issued against that party.
Immediately thereafter, in August of 2005, Jones moved under Mass. R. Civ. R, Rule 60(b), to vacate the default judgment against him, asserting in the motion that he had sold Access to his daughter prior to the corporation’s incurring of the current debt at issue on this appeal. The motion was denied. Jones did not appeal that ruling, perhaps because his motion contained neither a recitation of facts constituting excusable neglect, nor an identification of any meritorious defense to the plaintiff’s claim.[1]
Sometime before February 8, 2006, the plaintiff apparently had difficulty levying on the execution in its existing form against property held in the name of Jones. On that date, plaintiff’s counsel wrote to the trial court clerk requesting a new execution because of “an administrative error by the court”’ in misstating the name of the proper defendant. The clerk complied with plaintiff’s request and *35 issued a new execution against “Lawrence E. Jones.” In June, 2006, Jones again moved for relief from judgment.[2] The motion repeated the grounds stated in his first unsuccessful Rule 60(b) motion, and raised an additional objection to the issuance by the clerk of an amended execution. The motion judge denied the new Rule 60(b) request, and Jones filed this appeal.
The name of the defendant in the plaintiffs application for default, on the judgment and on the execution in this case are precisely the type of errors which Mass. R. Civ. P., Rule 60(a), is designed to redress. The rule provides in pertinent part:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.
Although the clerical error in this case resulted not from “an administrative error by the court,” as plaintiffs counsel incorrectly asserted in his letter requesting an amended execution, but from counsel’s error in his application for default, “[t]he rule ‘covers mistakes or errors of the clerk, the court, the jury, or a party.’” Labor v. Sun Hill Indus., Inc., 48 Mass. App. Ct. 369, 372 (1999), quoting Reporter’s Notes to Mass. R. Civ. P. 60 (1973).
However, the plaintiff in this case did not bring the matter to a judge, but took it up with the clerk. While the rule applies to errors of “the clerk, the court, the jury, or a party,” the correction of such errors may be made only by “the court.” Where, as here, a change of the name of the defendant is sought after default judgment, a judge has discretion to permit the change where the proper party has been served and notified. Labor, supra at 372-373, and cases cited. Indeed, it may well constitute an abuse of judicial discretion to deny a Rule 60(a) motion to correct such a clerical error where a new party is not being brought before the court and the correction is of a misnomer only. See Hennessey v. Stop & Shop Supermarket Co., 65 Mass. App. Ct. 88, 90-93 (2005); Cotzin v. Cooper, 5 Mass. App. Ct. 825 (1977). In some circumstances, a party “may bring the point to the court’s attention by ex parte motion. Unless the court specifically orders the moving party to notify the other litigants, formal notice is unnecessary.” J.W. Smith & H.B. Zobel, Rules PRACTICE, §60.2, at 469 (1st ed. 1977 & Supp. 2007). However, given the continued confusion about the name or identify of the defendant in this case and the obvious effect an amendment of the execution would have on his interests, notice should be given to Jones. Labor, supra at 373.
The amended execution must be recalled. The default and default judgment against “Lawrence E. Jones, President Access & Mobility Specialists, Inc.” requested by the plaintiff have not been amended and should not be amended except upon an appropriate motion to the trial court with notice to Jones.
This case is returned to the Plymouth District Court for further action consistent with this opinion.
So ordered.

 The fact that Asset, the debtor corporation, had been sold would not be a defense unless the plaintiff had been given notice of Jones’ withdrawal as guarantor, and then only for sales made to Access after notice of the withdrawal.

 We include in our analysis Jones’ amended motion for relief, filed in July.